UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYPRIAN UKUDI | CIVIL ACTION |
| VERSUS | NO. 12-3020 |
| MCMORAN OIL AND GAS, LLC | SECTION "N" (1) |

### ORDER AND REASONS

Presently before the Court is a motion for summary judgment filed by Defendant McMoRan Oil and Gas, LLC (Rec. Doc. 55). Having carefully considered the parties' supporting and opposing submissions, and applicable law, **IT IS ORDERED** that the motion is **GRANTED** and that Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

### BACKGROUND

Plaintiff's claims arise from an injury that he suffered, in October 2011, while working for Alliance Oilfield Service ("Alliance") on a plug and abandonment project on a Gulf of Mexico platform owned by Defendant. On the night in question, the Alliance crew was removing the wellhead, or "Christmas tree" assembly, from the platform, and the tubing from the well itself. The parties' submissions reveal that this task usually is accomplished by using a wrench to loosen vertical bolts connecting the Christmas tree casing to the platform such that the tree and tubing can be removed as one unit. In this instance, however, rust on the bolts made removal problematic and eventually stalled the crew's progress. After several hours without success, the crew proposed using a cutting torch to simply cut the bolts. Defendant's on-site "company man", Kruse Gribble,

however, advised the Alliance crew that, because of safety concerns, a cutting torch could not be used. Thus, the crew instead proceeded to attempt to "back out" (loosen) hanger pins holding the tubing in place to allow the removal of the Christmas tree followed by the tubing hanger and tubing.

Plaintiff loosened four of the hanger pins without problem. As he backed the fifth pin away from the tubing hanger assembly, however, the pin and the packing gland suddenly ejected, because of unexpected pressure in the void of the wellhead, and struck Plaintiff's shin. This lawsuit followed.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the

nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115

3

S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."  *Little,* 37 F.3d at 1075.  Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.  *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II.  Application of Legal Principles

Applying the foregoing legal principles here, the Court finds that Defendant has met its burden, under Rule 56(a) and (c), of demonstrating that the submitted record evidence contains insufficient proof of Plaintiff' claims, and that Defendant is entitled to judgment as matter of law as to those claims.  On the other hand, Plaintiff has not satisfied his burden, under Rule 56(c), of citing to particular record documents demonstrating the existence of a genuine dispute as to material facts.

Specifically, Plaintiff, with the benefit of hindsight, points to various things that Defendant could have done differently, which either alone or together may have prevented Plaintiff's injury.[1]  For instance, Plaintiff contends that Defendant could have required contractors, including Alliance, to utilize two-men crews or a "two wrench method" for backing out hangar pins, and/or required the use of a "void-bleeder" tool, as well as tools for checking for pressure in the voids of "Christmas trees."  Significantly, however, Plaintiff does not demonstrate a triable issue

---

[1] As Defendant argues, evidence of subsequent remedial measures is not admissible to prove negligence.  See Fed. R. Evid. 407.

4

relative to whether Defendant's failure to so act was legally unreasonable, at the time in question, based on the information of which it was aware, or, in the exercise of due care, should have been aware. Further, in so arguing, Plaintiff ignores that Defendant contracted with Plaintiff's employer, Alliance, acting as an independent contractor, to safely perform the plug and abandonment services at issue, including the provision of "all labor, supervision and training, machinery, equipment, materials, and supplies necessary to properly perform," using "qualified, competent and, where necessary, licensed personnel."[2]

Nor does Plaintiff put forth evidence reasonably suggesting that Defendant acted negligently in selecting Alliance, or either of the two individuals serving as its on-site "company men," for the project. The same is true of Plaintiff's unsupported suggestion that Alliance's access to Defendant's well file, reflecting the previous changes to the Christmas tree's valve system, was inadequate.[3] Additionally, although emphasizing Defendant's prohibition (for safety reasons) of Alliance employees' use of a torch to cut the bolts securing the tree to the platform,[4] Plaintiff puts forth no evidence demonstrating that Defendant controlled or dictated the particulars of the means and method utilized by Plaintiff in loosening the hanger pins.

---

[2] See Rec. Doc. 55-7, §§ 2.1-2.3.

[3] Defendant's submission reveals that Alliance employee Eric Berger, who worked "in house" at Defendant's Houston facility prior to the commencement of the plug and abandonment job, had access to the well file. See Rec. Doc. 76, at p. 5.

[4] The parties' submissions reflect that Defendant was concerned that using a cutting torch, given the presence of an active pipeline on the platform, might result in a fire or explosion.

For the foregoing reasons, the Court finds Defendant's motion for summary judgment meritorious. Accordingly, Plaintiff's claims against Defendant are dismissed with prejudice.

New Orleans, Louisiana, this 10th day of February 2014.

_____
**KURT D. ENGELHARDT**
**United States District Judge**